# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| PATRICIA A. BALLENTINE, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | CAUSE NO.: 2:12-CV-236-TLS |
| M. BIRKETT, JAMES NIELSEN, GARY POLICE DEPARTMENT, CITY OF GARY, GREGG FURMAN, and ISM SECURITY MANAGEMENT LLC, | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

The Plaintiff, Patricia A. Ballentine, proceeding pro se, has sued the City of Gary and two City of Gary Police Department detectives on grounds that they violated her constitutional rights when they, absent probable cause, arrested her for theft of property at a NIPSCO facility where she worked as a security guard. In this same lawsuit, the Plaintiff asserts claims against ISM Security Management LLC (ISM), the company that employed the Plaintiff at the time of her arrest. She also sued an ISM executive, Gary Furman. The Plaintiff alleges that ISM and Furman should be held liable for wrongful termination, defamation, and intentional infliction of emotional distress. Defendants ISM and Furman have moved to dismiss the claims against them pursuant to Federal Rules of Civil Procedure 12(b)(1), (5), and (6). The Plaintiff has not responded to the Motion.

## ANALYSIS

**A. Federal Rule of Civil Procedure 12(b)(1)—Subject Matter Jurisdiction**

A case may be dismissed under Federal Rule of Civil Procedure 12(b)(1) when the court

lacks jurisdiction over the subject matter. "Subject-matter jurisdiction is the first question in every case, and if the court concludes that it lacks jurisdiction it must proceed no further." *Illinois v. City of Chi.*, 137 F.3d 474, 478 (7th Cir. 1998). "When considering a motion to dismiss for lack of subject matter jurisdiction, a court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff." *Alicea-Hernandez v. Catholic Bishop of Chi.*, 320 F.3d 698, 701 (7th Cir. 2003) (citing *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999)). A movant brings a facial challenge to subject matter jurisdiction when it argues that the complaint itself fails to sufficiently allege subject matter jurisdiction. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443–44 (7th Cir. 2009). "In the context of facial challenges . . . the court does not look beyond the allegations in the complaint, which are taken as true for purposes of the motion." *Id.* at 444.

Here, the Defendants assert that the allegations in the Complaint do not establish the Court's subject matter jurisdiction over her claims against ISM and Furman. They argue that because the there is no diversity of jurisdiction, and the claims sound in Indiana common law, the Court may only exercise jurisdiction over these claims if they meet the requirements for supplemental jurisdiction under 28 U.S.C. § 1367(a). Under this provision, the state claims must be sufficiently related to the 42 U.S.C. § 1983 claims against the other defendants. The Defendants are correct in their presentation of the law, and in their conclusion that the Court cannot exercise jurisdiction over the Plaintiffs' claims against ISM and Furman.

According to the allegations in the Complaint, the Plaintiff is suing ISM and Furman for wrongful termination from employment. She also claims that they are responsible for intentional infliction of emotional distress and defamation of her character. These are state law claims.

2

Accordingly, the Court only has jurisdiction over these claims if they "are so related to claims in the action within [its] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). The claims within this Court's original jurisdiction are the § 1983 claims against the City of Gary and the detectives who arrested the Plaintiff for burglary.

Whether the Plaintiff's claims against ISM and Furman form part of the same case or controversy as a claim within the Court's original jurisdiction is to be determined under the standards governing the exercise of pendant jurisdiction as announced in *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966). *See Ammerman v. Sween*, 54 F.3d 423, 424 (7th Cir. 1995). In *Gibbs*, the Supreme Court held that federal courts may exercise pendant jurisdiction over a state claim if the state and federal claims "derive from a common nucleus of operative fact." *Gibbs*, 383 U.S. at 725. Moreover, the Court ruled that pendant jurisdiction may properly be exercised if "plaintiff's claims are such that he ordinarily be expected to try them all in one judicial proceeding." *Id.* The facts involved in the state claim need only be loosely connected to the federal claim to satisfy the common nucleus of operative fact requirement. *Ammerman*, 54 F.3d at 424.

The Plaintiff's state law claims concern her employer's handling of its investigation into allegations that she stole property from the NIPSO facility where she was a security guard, specifically its termination of her employment on August 3, 2010, when she refused to submit to a polygraph test. The Plaintiff's federal claims do not relate to her employer's decision regarding her employment, but to the constitutional implications of the decision of the City of Gary Police Department employees to arrest her on or about June 15, 2010, and the policies of the City of

Gary Police Department that permitted or caused the arrest. These claims rely on facts that would establish that the Plaintiff was arrested without probable cause, specifically that the individual officers were not reasonable in believing, in light of the circumstances at the time of the arrest, that the Plaintiff had committed burglary. *See Jackson v. Parker*, 627 F.3d 634, 638 (7th Cir. 2010). The claims against the City of Gary would further require the Plaintiff to show that an official policy or custom caused the deprivation of her constitutional rights. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).

The operative facts necessary to prove that the state actors committed federal constitutional violations are separate and distinct from the operative facts necessary to prove that her employer committed state tort violations. While the Plaintiff's arrest may have prompted her employer to act, the allegations against the different defendants raise distinct facts and legal issues, and resolution of the Plaintiff's claims against one group would not impact the claims against the other. This factual overlap does not go to the operative facts necessary to establish the separate claims, and is thus insufficient to establish supplemental jurisdiction. *See, e.g., Berg v. BCS Fin. Corp.*, 372 F. Supp. 2d 1080, 1095 (N.D. Ill. 2005) (finding no common nucleus of operative fact between ERISA claim for denial of benefits and state law breach of contract claim where dismissal of the state law claim would in no way effect the ERISA claim even though the claims emerged out of the same factual background and out of the plaintiff's employment generally); *Angsten v. Blameuser*, No. 05 C 4254, 2005 WL 3095513, at *5 (N.D. Ill. Nov. 16, 2005) (declining supplemental jurisdiction over state law claims that shared "a general factual background (that is, the unchecked harassment of the [the plaintiffs] by their neighbor and his friends)," with the plaintiff's § 1983 claims against the chief of police for denial of equal

4

protection of the law because "the *operative* facts necessary for the tort claims [were] wholly unrelated to the *operative* facts essential to the elements of the Section 1983 claim"). The central facts of the federal claims are not the same facts that are central to the Plaintiff's state law claims, and the Plaintiff's claims do not comprise "but one constitutional 'case.'" *Gibbs*, 383 U.S. at 725. Accordingly, the requirements for this Court to exercise supplemental jurisdiction have not been met, and the claims against ISM and Furman are dismissed from this lawsuit without prejudice.

**B.     Sufficiency of the Claims**

Even if this Court had supplemental jurisdiction over the Plaintiff's claims against ISM and Furman, the Court would find the claims deficient under Rule 8's pleading requirements, which require that a Plaintiff provide a "short and plain statement of the claim showing that the pleader is entitled to relief," sufficient to provide the defendant with "fair notice" of the claim and its basis. Fed. R. Civ. P. 8(a)(2). To assure that a pleading suffices to give effective notice to the opposing party, a complaint must contain facts that are sufficient, when accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Pleadings that fail to meet this standard are subject to dismissal under Federal Rule of Civil Procedure 12(b)(6). A plaintiff can also plead himself out of court if he pleads facts that preclude relief. *See Atkins v. City of Chi.*, 631 F.3d 823, 832 (7th Cir. 2011).

The Plaintiff alleges that her termination from employment was not for "just cause" within the meaning of Indiana's Unemployment Compensation statute, Indiana Code § 22-4-15-1. She alleges that Furman violated the ISM Employee Handbook, and that he and ISM are thus

liable for wrongful termination.

The Plaintiff has not alleged any facts from which it can be presumed that she was employed under a contract for a specific term or employment for her part-time work at ISM. Unless there is a contract for a term, employment in Indiana is at will and terminable by either party with or without cause. *Orr v. Westminster Vill. N., Inc.*, 689 N.E.2d 712, 717 (Ind. 1997). The Supreme Court of Indiana has recognized two public policy exceptions to the employment at will doctrine. First, in *Frampton v. Central Indiana Gas Co.*, 260 Ind. 249, 297 N.E.2d 425 (Ind. 1973), the Indiana Supreme Court allowed an employee to sue for retaliatory discharge when terminated for filing a worker's compensation claim. *Id.* at 427–28. Second, in *McClanahan v. Remington Freight Lines, Inc.*, 517 N.E.2d 390 (Ind. 1988), the court allowed a plaintiff to bring a retaliatory discharge claim when he was terminated for refusing to violate a law for which he could be personally liable. *Id.* at 392–93. The Indiana Supreme Court has repeatedly stressed its reluctance to expand this exception to the employment-at-will doctrine. *Meyers v. Meyers*, 861 N.E.2d 704, 706–07 (Ind. 2007) (declining to extend the exception, characterized as "quite a limited exception," to a complaint about failure to pay overtime); *Wior v. Anchor Indus.*, 669 N.E.2d 172, 177–78 (Ind. 1996) ("Given our reluctance to broaden exceptions to the employment-at-will doctrine and the existing, adequate protection of employees' rights to worker's compensation benefits, we decline [plaintiff's] invitation to extend *Frampton*." ); *McClanahan*, 517 N.E.2d at 393 ("A separate but tightly defined exception to the employment at will doctrine is appropriate under these facts."); *Morgan Drive Away, Inc. v. Brant*, 489 N.E.2d 933, 934 (Ind. 1986) ("Revision or rejection of the [employment-at-will] doctrine is better left to the legislature. We therefore decline this opportunity to extend *Frampton* to the facts of the

instant case.").

The Plaintiff alleges that she was terminated from her employment at ISM for refusing to submit to a polygraph test that her employer requested. The Plaintiff's allegations do not plausibly suggest that she was terminated for refusing to commit an illegal act for which she could be personally liable, or for filing a worker's compensation claim. Thus, her allegations do not state a claim for any type of wrongful termination that is recognized by Indiana courts. Her citation to the Department of Workforce Development (DWD) findings related to her unemployment benefits and whether "just cause" existed to terminate her employment are not relevant to a common law claim for wrongful discharge in violation of public policy. Moreover, such findings are specifically precluded for use as conclusive or binding proof in a subsequent civil suit. Indiana Code § 22-4-17-12 provides:

> Any finding of fact, judgment, conclusion, or final order made by a person with the authority to make findings of fact or law in an action or proceeding under this article is not conclusive or binding and shall not be used as evidence in a separate or subsequent action or proceeding between an individual and the individual's present or prior employer in an action or proceeding brought before . . . a court . . . regardless of whether the prior action was between the same or related parties or involved the same facts.

Ind. Code § 22-4-17-12(h); *See also* Ind. Code § 22-4-32-9(b) (same prohibition).

The Plaintiff mentions, in the conclusion of her Complaint, that all the Defendants are liable for intentional infliction of emotional distress and defamation of character. Although it is not clear that the Plaintiff intended these to be separate claims for recovery, the Court will consider whether the factual allegations set forth in the Complaint state a right to recovery under these legal theories.

Under Indiana law, a defamatory communication is one that "tends to harm a person's

reputation by lowering the person in the community's estimation or deterring third persons from dealing or associating with the person." *Kelley v. Tanoos*, 865 N.E.2d 593, 596 (Ind. 2007) (citation and internal quotations omitted). Any statement actionable for defamation must not only be defamatory in nature, but must also be false. *Doe v. Methodist Hosp.*, 690 N.E.2d 681, 687 (Ind. 1997). To maintain an action for defamation, a plaintiff must satisfy four elements (1) a communication with defamatory imputation; (2) malice; (3) publication; and (4) damages. *Schrader v. Eli Lilly and Co.*, 639 N.E.2d 258, 261 (Ind. 1994). In her Complaint, the Plaintiff has not identified any false, defamatory communication that ISM or Furman made, or published, to any other persons. Accordingly, she has failed to set out the operative facts to support a claim for defamation or to put the Defendants on notice of the claims against them.

Likewise, with respect to the claim that the Defendants intentionally inflicted emotional distress on her, the Complaint does not state a claim to relief that is plausible on its face. According to the Plaintiff's allegations, the Defendants placed her on suspension to investigate whether she stole property from a facility where she worked as a security guard, requested that she take a polygraph test in connection with the investigation, and terminated her employment when she refused to take the test. "Intentional infliction of emotional distress is committed by one who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another." *Branham v. Celadon Trucking Servs., Inc.*, 744 N.E.2d 514, 522–23 (Ind. Ct. App. 2001) (quotation marks omitted) (quoting *Ledbetter v. Ross*, 725 N.E.2d 120, 123–24 (Ind. Ct. App. 2000), and *Cullison v. Medley*, 570 N.E.2d 27, 31 (Ind. 1991)). Conduct must exceed "all bounds usually tolerated be a decent society and causes mental distress of a very serious kind." *Branham*, 744 N.E.2d at 523. "What constitutes extreme and outrageous conduct

depends, in part, upon prevailing cultural norms and values [and] [i]n the appropriate case, the question can be decided as a matter of law." *Id.* Not only is there no factual basis to suggest that the Defendants intended to harm the Plaintiff emotionally, but the alleged conduct does not, in context, exceed all bounds usually tolerated by a decent society. *See, e.g., Dietz v. Finlay Fine Jewelry Corp.*, 754 N.E.2d 958, 970 (Ind. Ct. App. 2001) (finding no outrageous conduct where a store security manager accused an employee of substance abuse, shoplifting, and dishonesty in a gruff and intimidating manner, where the security manager's actions occurred in the context of a detainment for the purpose of determining the extent of the employee's unauthorized conduct); *Conwell v. Beatty*, 667 N.E.2d 768, 775–77 (Ind. Ct. App. 1996) (finding no outrageous conduct where a sheriff announced a deputy's arrest at a press conference, zealously executed arrest and search warrants, and attempted to deny the fired deputy his pension). The Plaintiff's allegations regarding her employer's investigation and decision to terminate her employment do not plausibly suggest that the Plaintiff has a right to relief for intentional infliction of emotional distress.

**C.      Insufficient Service of Process on Furman**

As a final basis for dismissal of the Plaintiff's claims against Furman, the Defendants contend that he has not been properly served in accordance with Federal Rule of Civil Procedure 4(e). According to the Plaintiff's proof of service [ECF No. 8], filed with the Court on August 17, 2012, she attempted to served process by sending the complaint and summons by certified mail to Mary Zmuda, an individual who was designated to accept service of process on behalf of Furman and ISM. Rule 4(e) provides that an individual, like Furman, may be served by:

9

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> (2) doing any of the following:
> (A) delivering a copy of the summons and of the complaint to the individual personally;
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). Under Indiana Rule of Trial Procedure 4.1, service may be made upon an individual by sending a copy of the summons and complaint by certified mail to the individual's "place of business or employment." Ind. R. Trial P. 4.1(A)(1). The Defendants maintain in their Memorandum in support of dismissal that the Plaintiff's efforts were deficient because Furman had already retired from ISM when she attempted to serve him at ISM, and thus it was not his place of employment.

The Court need not decide if service has been accomplished or, if it has not, what the consequences of the failure would be for this pro se Plaintiff. *See* Fed. R. Civ. P. 4(m) (discussing options to dismiss without prejudice for failure to serve process within 120 days of the complaint's filing, order that service by made within a specified time, or extend the time based on a finding of good cause.) Such a finding would only complicate these proceedings, as the Court has already determined that it does not have supplemental jurisdiction over the state law claims asserted against Furman, and that the current version of the complaint does not set forth a claim for which relief can be granted against Furman. The operative complaint no longer contains pending claims against Furman.

## CONCLUSION

For the reasons stated above, the Court GRANTS the Motion to Dismiss [ECF No. 22] filed by Defendants ISM Security Management, LLC and Greg Furman. The Plaintiff's claims against these Defendants are dismissed. The Plaintiff's Complaint remains pending against Defendants M. Birkett, James Nielsen, the Gary Police Department, and the City of Gary.

SO ORDERED on July 10, 2013.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION
