UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| PATRICIA A. BALLENTINE,            ) | |
| )                                   | |
| Plaintiff,                       ) | |
| )                                   | |
| v.                                  ) | CAUSE NO.: 2:12-CV-236-TLS |
| )                                   | |
| DET. M. BIRKETT, et. al.,           ) | |
| )                                   | |
| Defendants.                      ) | |

## OPINION AND ORDER

Before the Court is the Defendants' Motion to Dismiss for Failure to Prosecute [ECF No. 30], filed on July 11, 2013, asking that the Court dismiss this case pursuant to Federal Rule of Civil Procedure 41(b). In support of this motion, the Defendants asserted that as of July 11, 2013, the Plaintiff had not filed a response to the Co-Defendants' Motion to Dismiss [ECF No. 22], and had not obtained legal counsel, as suggested by the Court's Order denying the Plaintiff's Motion to Appoint Counsel [ECF No. 28]. The Plaintiff has not responded to the instant Motion.

## ANALYSIS

A careful look at the procedural posture of this case is necessary to assess whether dismissal for failure to prosecute is proper. The Plaintiff, Patricia A. Ballentine, proceeding pro se, filed a Complaint [ECF No. 1] against the City of Gary, the City of Gary Police Department, and two City of Gary Police Department detectives on grounds that they violated her constitutional rights when they, absent probable cause, arrested her for theft of property at a NIPSCO facility where she worked as a security guard. In the same lawsuit, the Plaintiff asserted claims against ISM Security Management LLC (ISM), the company that employed the Plaintiff at

the time of her arrest, and Gary Furman, an ISM executive, alleging that ISM and Furman should be held liable for wrongful termination, defamation, and intentional infliction of emotional distress.

On September 12, 2012, Magistrate Judge Andrew P. Rodovich issued a Notice of Pretrial Conference [ECF No. 18] scheduling a Rule 16 Preliminary Pretrial Conference for October 19, 2012. On September 25, 2012, ISM and Furman filed a Motion to Dismiss [ECF No. 22] pursuant to Federal Rules of Civil Procedure 12(b)(1), (5), and (6). In light of this pending dispositive motion, on October 12, 2012, the Magistrate Judge issued an Order [ECF No. 24] vacating the Preliminary Pretrial Conference to be reset after the Court ruled on ISM/Furman's Motion to Dismiss.

The Plaintiff filed a Motion to Appoint Counsel [ECF No. 27] on November 16, 2012, which the Court denied in an Opinion and Order [ECF No. 28] on January 3, 2013. In that decision, the Magistrate Judge gave the Plaintiff a deadline, up to and including January 24, 2013, to file a response to the ISM/Furman Motion to Dismiss. The Plaintiff did not file a response. On July 10, 2013, the Court issued an Opinion and Order [ECF NO. 29] granting the ISM/Furman Motion to Dismiss, leaving Defendants M. Birkett, James Nielsen, the Gary Police Department, and the City of Gary as the remaining defendants in this case.

The Defendants' cite the Plaintiff's failure to file a response to the ISM/Furman Motion to Dismiss to support their current Motion to Dismiss for Failure to Prosecute, which was filed the day after the Court dismissed ISM and Furman from the case. The only other reason given in support of their current motion is that the Plaintiff has not obtained legal counsel. This latter argument is unpersuasive, for "[i]t is well-settled that the Sixth Amendment protects a person's

right to represent herself, as well as providing the right to the representation of counsel." *United States v. Campbell*, 659 F.3d 607, 611–12 (7th Cir. 2011), *vacated on other grounds by* 133 S. Ct. 190 (2012) (citing *Indiana v. Edwards*, 554 U.S. 164, 170 (2008)). The Plaintiff is clearly able to represent herself pro se so long as she is not also represented by counsel, for those rights are mutually exclusive. *Id.*

Likewise, the Plaintiff's failure to file a response does not automatically demonstrate an intent to abandon the suit rather than to continue to prosecute it. A party may have been careless or the party opposing the motion may think the motion is so lacking in merit that no response is required. "When that happens the court either orders the party to respond or decides the motion without the benefit of a response." *Bolt v. Loy*, 227 F.3d. 854, 856 (7th Cir. 2000). The "only effect of [the Plaintiff's] failure to file [is] to limit somewhat the materials in front of the judge" for the purposes of considering the motion. *Reales v. Consolidated Rail Corp.*, 84 F.3d 993 (7th Cir. 1996). The Court finds that ordering the Plaintiff to respond to the instant motion to dismiss is unnecessary and will instead decide the motion on the arguments presented.

After the complaint and answer were filed in this case, the Court scheduled a Preliminary Pretrial Conference. This pretrial conference was vacated to be reset after the Court had ruled on the ISM/Furman Motion to Dismiss. The instant motion to dismiss was filed the day after the ISM/Furman motion had been ruled on, leaving the same rationale in place for waiting to reset the pretrial conference until the Court could rule on the motion. The Plaintiff's decision not to respond does not necessarily equate to a failure to prosecute or an intent to abandon the case, and absent a scheduled pretrial conference, there was nothing for the Plaintiff to do.

Therefore, for the foregoing reasons, the Defendants' Motion to Dismiss is DENIED.

There being no further reason for delay, the preliminary pretrial conference can now be rescheduled by the Magistrate Judge assigned to this case.

SO ORDERED on January 16, 2014.

                                                s/ Theresa L. Springmann  
                                                THERESA L. SPRINGMANN  
                                                UNITED STATES DISTRICT COURT  
                                                FORT WAYNE DIVISION